IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUANITA J. GAROFALO, | § | |
|     Plaintiff, | § | |
| vs. | § | Civil Action No.  3:14-CV-2616-M-BH |
| | § | |
| TACO BUENO, LP, | § | |
|     Defendant. | § | Referred to U.S. Magistrate Judge |

## ORDER

Pursuant to the Special Order No. 3-251, this case was automatically referred for pretrial management. Before the Court for determination is *Defendant's Application for Reasonable Expenses and Attorneys' Fees Relating to Its Motion to Compel*, filed March 5, 2015 (doc. 34). Based on the relevant filings, evidence and applicable law, the application is **GRANTED** in part.

### I.  BACKGROUND

On July 21, 2014, Juanita J. Garofalo (Plaintiff) filed suit against her previous employer, Taco Bueno, L.P. (Defendant). She asserts that Defendant failed to accommodate her physical disabilities in violation of the Americans with Disabilities Act (ADA), it discriminated against her on the basis of race, disability, and religion in violation of Title VII of the Civil Rights Act of 1964 (Title VII), and it retaliated against her in violation of Title VII and the ADA.

On January 29, 2015, Defendant moved to compel Plaintiff to provide answers to its discovery requests. It contended she had failed to respond to discovery requests served on November 13, 2014, and that she had failed to respond to several communications concerning the discovery. By order dated January 30, 2015, a hearing concerning the motion was scheduled, and the parties were ordered to confirm their attendance two days before the hearing. Plaintiff failed to confirm her attendance or to appear at the hearing on February 19, 2015. On that date, the Court found that Plaintiff failed to respond to Defendant's discovery requests, granted the motion to compel, and ordered Plaintiff to

provide answers to the discovery requests. It also found that she failed to demonstrate that her failure to respond was substantially justified, or that other circumstances make an award of expenses unjust.

## II.  ENTITLEMENT TO FEES

Where a party fails to make a disclosure required by Rule 26(a) or provide discovery, any other party may file a motion to compel disclosure pursuant to FED. R. CIV. P. 37(a). If the motion to compel is granted, or if the Rule 26(a) disclosures or discovery responses are provided after the motion to compel is filed,

> the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action,
> (ii) the opposing party's nondisclosure, response or objection was substantially justified; or
> (iii)  other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A). Although the Fifth Circuit has not "explicitly developed" the meaning of the term "substantially justified", it has looked to the Eleventh Circuit's finding that the term "'means that reasonable people could differ as to appropriateness of the contested action.'" *Bradley v. Boysville, Inc.*, 240 F.3d 1073 (Table), 2000 WL 1835097, at *3 (5th Cir. 2000) (citing *Maddow v. Procter & Gamble Co., Inc.,* 107 F.3d 846, 853 (11th Cir.1997)).

In this case, it has already been determined that Plaintiff failed to demonstrate that her failure to respond was substantially justified, or that other circumstances make an award of expenses unjust. Based on her failure to participate in discovery, respond to the motion, respond to Court orders, or attend the scheduled hearings, assessment of fees against Plaintiff is an appropriate sanction at this stage of the proceedings.

### III.  AMOUNT OF FEES

In general, a court employs the "lodestar" method to calculate the amount of fees to be awarded under Rule 37.  *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) (using the "lodestar" method to calculate an award of attorney's fees under Rule 37).  The "lodestar" method requires the court to multiply the "number of hours reasonably expended by an appropriate hourly rate in the community for such work."  *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).  The party seeking an award of attorney's fees has the burden of proving the reasonableness of the hours expended and the rate charged.  *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990).  If the party's proof of these factors is inadequate, the court may reduce the award accordingly.  *Id.*  The affidavit of counsel may serve as proof of the amount to be awarded.  *Tollett*, 285 F.3d at 368.

Here, Defendant is represented in this action by the law firm of Haynes & Boone, and it has presented the affidavit of attorney Karen Denney as well as billing records to support its application for attorneys' fees.

**A.**     ***Hours Reasonably Expended***

In *Tollett*, the Fifth Circuit noted the difference between the attorneys' fees recoverable for a failure to provide discovery and those recoverable for a failure to comply with a court order.  285 F.3d at 367.  Rule 37(a)(5)(A) provides that the attorneys' fees incurred in "making" a motion to compel may be awarded for a failure to provide discovery, whereas Rule 37(b)(2)(C) provides that attorneys' fees caused by the failure may be awarded for failure to comply with a court order.  Defendant may only recover fees incurred for bringing the original motion, not those incurred as a result of the failure to respond.  *See Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 595 (S.D. Tex. 2011).  The only entry

for Ms. Arrissa Meyer that relates to the making of the motion to compel is the entry for 3.2 hours dated January 9, 2015.  (*See* doc. 34 at 7, 12.)  The entry for Ms. Denney for .4 hours on December 22, 2014 does not appear to relate to the making of the motion, so it is disallowed.  The remainder of the 4.0 hours claimed for Ms. Denney are allowed.  (*See id*. at 7.) The remainder of the fees for the motion to compel are disallowed. *Simmons v. Tarrant County 9-1-1 Dist.*, No. 3:13-CV-1389-M, 2014 WL 2587516, *4 (N.D. Tex. June 10, 2014) ("Additionally, a party seeking attorneys' fees may only recover for time spent in preparing the actual discovery motion—that is, the "reasonable expenses incurred in making the motion, including attorney's fees."), citing Fed. R. Civ. P. 37(a)(5)(A).

Neither the affidavit nor the billing records reflect any reduction for good billing judgment, i.e., the usual practice of law firms in writing off unproductive, excessive, or redundant hours. *See Walker v. U.S. Dept. of Housing and Urban Development.* 99 F.3d 761, 769 (5th Cir. 1996) (citing *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990) ("Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but hours written off") *vacated in part on other grounds* 903 F.2d 352 (5th Cir. 1990)); *Scribner v. Waffle House, Inc.*, 1997 WL 446453, at *2 (N.D. Tex. July 28, 1997) ("Because there is no record that the Plaintiff exercised billing judgment, Plaintiffs are ordered to resubmit its hourly billing report to include evidence that they in fact exercised billing judgment.").  "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Walker,* 99 F.3d at 770.  A reduction is warranted on this basis.

**B.**     *Hourly Rates*

The billing records and Denney affidavit reflect hourly rates of $508.50 for Ms. Denney and $414.00 for Ms. Meyer.  The affidavit opines that these rates are reasonable and necessary and

consistent those customarily charged in the area for same or similar services.

The "relevant market" for purposes of determining the prevailing hourly rate is the community in which the district court sits, and the reasonableness of the requested rate is generally established through affidavits of other attorneys in that community. *Tollett,* 285 F.3d at 368 (quoting *Scham v. District Courts Trying Crim. Cases,* 148 F.3d 554, 558 (5th Cir.1998) and (citing *Watkins v. Fordice,* 7 F.3d 453, 458 (5th Cir.1993)). As in *Tollett*, the defendant did not offer such affidavits and instead relies upon its attorney affidavit for the reasonableness of the requested rates. As in *Tollett,* the plaintiff did not contest the reasonableness of the rates, so the Denney affidavit is sufficient to establish the reasonableness on those rates. *See id.* at 369 (citing *Baulch v. Johns,* 70 F.3d 813, 818 n. 8 (5th Cir.1995) (approving requested hourly rate where such rate ($250–$330 per hour) was not questioned by the opposing party or subjected to adversarial testing, but declining to opine "on whether the rate claimed would be reasonable in other cases in the Dallas area"). Because the affidavit does not reflect the qualifications or years of experience of the attorneys, however, the Court finds that a reduction is warranted.

**C.**     ***Calculation of Lodestar***

The defendant should be compensated for time reasonably expended on the motion as follows:

| | | |
|---|---|---|
| **Denney** | **4.00 hours x $508.50** | $ 2034.00 |
| **Meyer** | **3.20 hours x $414.00** | <u>$ 1324.80</u> |
| | | **$ 3358.80** |

The total amount of fees to be awarded is $ 3358.80. Because of the failure to show billing judgment or provide any information regarding the qualifications of the attorneys who provided the services for which Defendant seeks to recover, the total fees are reduced by approximately 10% to $3,000.00.

5

## III.  CONCLUSION

Defendant's application for fees is **GRANTED**, in part.  It is **AWARDED** fees in the amount of $ 3000.00.  This amount shall be paid to Defendant's counsel **no later than 5:00 p.m. on June 28, 2015**, unless otherwise agreed by the parties in writing.

**SO ORDERED** on this 18th day of June, 2015.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE