IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUANITA J. GAROFALO, | § | |
|     Plaintiff, | § | |
| vs. | § | Civil Action No.  3:14-CV-2616-M-BH |
| | § | |
| TACO BUENO, LP, | § | |
|     Defendant. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the *Special Order No. 3-251*, this case was automatically referred for pretrial management.  Based on the relevant filings and applicable law, the case should be **DISMISSED with prejudice** for failure to prosecute.

## I.  BACKGROUND

On July 21, 2014, Juanita J. Garofalo (Plaintiff) filed this *pro se* lawsuit against her previous employer, Taco Bueno, L.P.[1] (Defendant).   (doc. 3.)[2]  She asserts that Defendant failed to accommodate her physical disabilities in violation of the Americans with Disabilities Act of 1990 (the ADA), it discriminated against her on the basis of race, disability, and religion in violation of Title VII of the Civil Rights Act of 1964 (Title VII), and it retaliated against her in violation of the ADA and Title VII.  (*Id*. at 1; doc. 14 at 10-24.[3])  She seeks monetary damages for lost wages, pain and suffering, public humiliation, theft, and "penalty citation to the [Equal Employment Opportunity Commission] for [Defendant's] willful and flagrant violations of Plaintiff's rights."  (doc. 3 at 1; doc. 14 at 33.)

---

[1] Defendant contends that its correct name is Taco Bueno Restaurants, L.P.  (*See* doc. 19 at 1.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] On August 6, 2014, Plaintiff filed her verified Answers to Magistrate Judge's Questionnaire (the MJQ), in which she provided information regarding her claims against Defendant. (*See* doc. 14.)  Plaintiff's answers to the questions in the MJQ constitute an amendment to the complaint.  *See Macias v. Raul A. (Unknown), Badge No.*, 153, 23 F.3d 94, 97 (5th Cir. 1994), *cert. denied*, 513 U.S. 883 (1994).

On September 2, 2014, Defendant moved to partially dismiss Plaintiff's claims for disability discrimination, failure to accommodate, and retaliation under the ADA, and her claims for race and religious discrimination and retaliation under Title VII. (doc. 19.) After obtaining an extension, Plaintiff filed her response on October 23, 2014. (doc. 28.)

On January 29, 2015, Defendant moved to compel Plaintiff to provide answers to its discovery requests. (doc. 30.) It contended she had not produced any documents or responses to discovery requests served on November 13, 2014, and that she had failed to respond to several communications concerning the discovery. *Id.* at 2-4. By order dated January 30, 2015, a hearing concerning the motion to compel was scheduled, and the parties were ordered to confirm their attendance two days before the hearing. (doc. 31.) Plaintiff failed to confirm her attendance or to appear at the hearing on February 19, 2015. (doc. 32.) On that date, the Court found that Plaintiff failed to respond to Defendant's discovery requests, granted the motion to compel, and ordered Plaintiff to provide answers to the discovery requests. (doc. 33.) It also found that because she failed to appear, respond or otherwise show why reasonable expenses should not be assessed, Defendant was entitled to its reasonable expenses. *Id.*

On March 5, 2015, Defendant filed its application for attorney's fees in connection with its motion to compel. (doc. 34.) It also filed a motion for sanctions seeking dismissal under Rule 41(b) based on Plaintiff's failure to comply with the February 19, 2015 order to respond to its discovery requests. (doc. 36.) By order dated March 20, 2015, a hearing concerning the sanctions motion was scheduled, and the parties were ordered to confirm their attendance two days before the hearing. (doc. 37.) Plaintiff failed to confirm her attendance or to appear at the hearing on April 3, 2015. (doc. 39.) The Court granted the motion for sanctions in part, ordered Plaintiff to provide answers to the

2

discovery requests, and awarded Defendant reasonable expenses. (doc. 40.)

On April 10, 2015, the Court ordered the parties to file a scheduling proposal that set forth dates during which they were available for a settlement conference before a U.S. Magistrate Judge at no cost to the parties. (doc. 41.) Plaintiff failed to respond. On April 23, 2015, Defendant moved to vacate the scheduling order due to Plaintiff's failure to participate in the discovery process, and it also filed an application for reasonable attorneys fees in connection with its motion for sanctions on April 23, 2015. (docs. 43, 44.) The motion to vacate the scheduling order was granted on April 27, 2015. (doc. 45.)

By order dated June 11, 2015, a hearing concerning Defendant's first application for fees and expenses was scheduled, and the parties were ordered to confirm their attendance two days before the hearing. (doc. 47.) Plaintiff failed to confirm her attendance or to appear at the hearing on June 18, 2015. (doc. 48.) The Court awarded assessed reasonable attorney's fees for the motion to compel in the amount of $3000.00 and ordered Plaintiff to pay them by June 28, 2015. (doc. 49.) This order had no effect, and Plaintiff has yet to respond to any Court order in any way.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b). . .operates as an adjudication on the merits.

FED. R. CIV. P. 41(b). It permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent

3

undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

Although dismissal under Rule 41(b) is typically without prejudice, a Rule 41(b) dismissal in this case will operate in the same manner as a dismissal with prejudice because Plaintiff would be barred by the applicable statutes of limitations from bringing her federal employment discrimination claims again. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (finding that because a Rule 41(b) dismissal without prejudice of an employment discrimination suit did not toll the 90–day limitations period for filing suit, and the plaintiff would be barred by limitations from filing a second suit, the dismissal operated, and would be treated, as a dismissal with prejudice); *see also Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1160 (5th Cir. 1985) (noting that dismissal without prejudice would be futile because limitations period had already run, and that a "dismissal with prejudice was actually the 'lesser sanction' because the defendant's costs were not adjudged against plaintiff"). It is well-established that in the Fifth Circuit, dismissals with prejudice under Rule 41(b) are affirmed "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry*, 975 F.2d at 1191. Additionally, courts have usually found "at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (citations omitted); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415 (5th Cir. 2006).

This case presents a clear record of delay and contumacious conduct. Since initial service of discovery in November 2014, Plaintiff has refused to cooperate in discovery. She has not responded

4

to any of Defendant's efforts to communicate with her or to the Court's orders. She has not appeared at any of the scheduled hearings, or even to the attempt to schedule a settlement conference. She has filed nothing since October 23, 2015, and it appears that she still has not answered the discovery requests. This behavior represents contumacious conduct in addition to a "significant period[] of inactivity". *See McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988); *see also Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976), citing *Murrah v. Fire Ins. Exchange*, 480 F.2d 613 (5th Cir. 1973) (delay of 15 months) and *Salmon v. City of Stuart*, 194 F.2d 1004 (5th Cir. 1952) (no action taken for 15 months).

Second, in this case, "lesser sanctions would not serve the best interests of justice." *Rogers v. Kroger*, 669 F.2d 317, 320 (5th Cir. 1982) (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)). All three orders for Plaintiff to appear at the hearing and to confirm her attendance explicitly warned that sanctions could be imposed on a party that failed to comply with the order. (*See* doc. 18.) This warning had no effect, and Plaintiff failed to comply with all three orders. Attorney's fees were assessed against her, but even the imposition of these lesser sanctions has prompted Plaintiff's participation in the lawsuit. Because she has provided no discovery at all, exclusion of evidence or witnesses not disclosed, as suggested in *Farmer v. Louisiana Electronic and Financial Crimes Task Force*, 553 Fed. App'x 386, 389 (5th Cir. Jan. 16, 2014), would likely also not be effective. Given Plaintiff's complete failure to participate in this lawsuit thus far, a conditional dismissal such as that suggested in *McNeal*, 842 F.2d at 793, would not appear to prompt action by her. Moreover, the fourteen-day period for her to object the recommendation of dismissal will afford the same opportunity to avoid dismissal as a conditional dismissal.

Third, at least two of the aggravating factors can be found in this case. The delay has been

caused by Plaintiff, who is acting *pro se*. *See Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 Fed. App'x. 329, 334 (5th Cir. June 14, 2013) (noting that given her *pro se* status, the plaintiff's conduct was attributable to no one but herself); *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) (same); *see also Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) (same). As for prejudice, Plaintiff's continued failure to provide any discovery hampers Defendant's ability to defend this case. *See Paskauskiene*, 527 Fed. App'x. at 334 (finding that the defendant faced substantial prejudice in defending itself in the litigation without the ability to take the plaintiff's deposition). As a result, it has been required to move for a stay or extension of pretrial deadlines, and the scheduling order has now been vacated.

In conclusion, Plaintiff has chosen not to cooperate in discovery or in this lawsuit and has essentially abandoned her case. Dismissal with prejudice is therefore appropriate. *See Oviedo v. Lowe's Home Improvement, Inc.*, 184 F. App'x 411, 412-13 (5th Cir. June 7, 2006) (affirming dismissal of an employment lawsuit with prejudice because the plaintiff had been uncooperative with the discovery process for about five months and then had completely disappeared after having skillfully prosecuted her case *pro se* up to that point); *Morgan v. Grande Commc'nc Network, LLC*, 3:12-CV-5197-N, 2014 WL 3706620, at *2 (N.D.Tex. July 25, 2014)(dismissing a case with prejudice where the plaintiff failed to respond to a court order to appear at a hearing, filed nothing for more than one year, and ignored a warning that sanctions could be imposed).

### III. RECOMMENDATION

This case should be dismissed with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.

**SO RECOMMENDED on this 17th day of July, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE